CITY OF MUSKEGO, Plaintiff-Appellant

v.

Alois F. GODEC, Jr., Defendant-Respondent.

Supreme Court

*No. 90-2619. Oral argument January 24, 1992.—Decided April 8, 1992.*

(Also reported in 482 N.W.2d 79.)

For the plaintiff-appellant there was a brief by *H. Stanley Riffle, Eric O. Schlieter* and *Arenz, Molter, Macy & Riffle, S.C.*, Waukesha and oral argument by *H. Stanley Riffle.*

For the defendant-respondent there was a brief (in the court of appeals) by *T. Michael Schober, Rodney W. Carter,* and *Schober & Radtke, S.C.*, New Berlin and oral argument by *Mr. Carter.*

STEINMETZ, J.  This case arises out of two citations issued to the defendant-respondent, Alois F. Godec, Jr., by the city of Muskego Police Department for operating a motor vehicle while under the influence of an intoxicant, a violation of sec. 346.63(1)(a), Stats.,[1]

[1]Section 346.63(1)(a), Stats., provides, in relevant part, as follows:

and operating a motor vehicle with a blood alcohol content in excess of .10 percent, a violation of sec. 346.63(1)(b).[2] The principal issue before this court is whether an alcohol content blood test, obtained for diagnostic reasons, can be made available for prosecutorial purposes. Other issues are whether the circuit court's ex parte order for obtaining health care records was proper and whether the circuit court correctly remanded the case to the municipal court.

The municipal court for the city of Muskego, Waukesha county, found Godec guilty of both operating a motor vehicle while under the influence of an intoxicant and operating a motor vehicle with a blood alcohol content in excess of .10 percent. Blood test results were admitted into evidence through the testimony of an attending physician.

The Waukesha county circuit court, Judge Clair H. Voss, suppressed the chemical test results, dismissed the second citation and remanded the matter to the municipal court for further proceedings. Both the dismissal and the remand were appealed. The court of appeals certified the appeal pursuant to sec. 809.61, Stats., and we accepted certification. This court reverses the order of

---

(1)   No person may drive or operate a motor vehicle while:

(a)   Under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving . . ..

[2]Section 346.63(1)(b), Stats., provides as follows:

(1)   No person may drive or operate a motor vehicle while:
. . ..
(b)   The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

the circuit court and holds that both citations must be set for trial in circuit court with directions that the city of Muskego be allowed to introduce evidence regarding Godec's blood alcohol concentration.

The charges arose out of an accident involving a single automobile driven by Godec as he proceeded through a "T" intersection, struck a tree and received serious injuries. When the city of Muskego police responded to the scene, they observed medical technicians tending to Godec. The police officers proceeded to photograph and document the accident scene, prepare a landing field for the "Flight for Life" helicopter and perform other functions necessary to facilitate medical attention to Godec. The officers, however, made no determination as to whether Godec had been consuming alcoholic beverages. Moreover, the officers did not ask the medical personnel treating Godec to obtain a breath, blood, or urine test to determine his alcohol concentration. Godec was taken to the Milwaukee County Medical Complex for treatment.

An investigation of the accident by Muskego police officers revealed that witnesses had seen Godec drinking at a party prior to the accident. In addition, the officers learned that one of the emergency medical technicians who had tended to Godec at the accident scene had noticed "a strong odor of alcoholic beverage" on his breath. Further investigation prompted Muskego police to interview Godec at the medical facility where he was receiving treatment. During the interview, Godec confirmed that he had been drinking prior to the accident; however, he could not recall how much he had to drink, when he left the party, or where he was going prior to the accident. Based on the collective information from the investigation, the Muskego police issued Godec a cita-

tion for operating a motor vehicle under the influence of an intoxicant, a violation of sec. 346.63(1)(a), Stats.

Shortly thereafter the Muskego Police Department learned that a blood test which revealed blood alcohol concentration had been performed on Godec at the Milwaukee County Medical Complex. The test had been ordered by the attending physician for diagnostic purposes. When Muskego police asked permission to see the test results, Godec refused to have his medical records released.

The city of Muskego filed a request for an ex parte order with the circuit court pursuant to sec. 908.03(6m)(p), Stats., to release Godec's medical records. Judge Mark S. Gempeler issued an order to subpoena Godec's medical records. The records revealed that Godec had a .28 percent blood alcohol content when he was admitted to the medical facility. This information prompted Muskego police to issue a second citation to Godec for operating a motor vehicle with a blood alcohol content in excess of .10 percent, a violation of sec. 346.63(1)(b).

The municipal court found Godec guilty of violating both secs. 346.63(1)(a) and 346.63(1)(b), Stats. The circuit court suppressed the test results and dismissed the sec. 346.63(1)(b) citation. The court concluded that the test results were health care records as defined under sec. 146.81(4).[3] It reasoned that because the results of

---

[3]A "patient health care record" is defined under sec. 146.81(4), Stats., as follows:

[A]ll records related to the health of a patient prepared by or under the supervision of a health care provider, but not those records subject to s. 51.30, reports collected under s. 69.186, records of tests administered under s. 343.305, fetal monitor tracings, as defined under s. 146.817(1), or a pupil's physical health records maintained by a school under s. 118.125.

Godec's blood alcohol tests constituted "patient health care records," under sec. 146.82, the results of the tests must remain confidential and cannot be released without Godec's permission.[4] Because Godec did not give his consent for the release of his health records to the city, the test results could not be used as evidence. The matter concerning the first citation was remanded to the municipal court for further proceedings.

The city of Muskego contends that the circuit court erred in suppressing the blood test evidence and in dismissing the citation and complaint relating to the blood alcohol concentration. The city argues that the case of *State v. Jenkins,* 80 Wis. 2d 426, 259 N.W.2d 109 (1977) sets forth the controlling precedent. In *Jenkins* the defendant was involved in an automobile accident and was taken to a hospital where, during a period of unconsciousness and without his consent, a number of tests were performed, including a blood test for alcohol content.

The city of Muskego points to similarities between *Jenkins* and the present case. In both cases, blood tests were performed for diagnostic purposes—the defendant was not under arrest at the time, and the blood tests were not taken at the request of a police officer. Another similarity is that the police did not attempt to obtain blood alcohol test results until subsequent investigations. In the present case and in *Jenkins,* test results revealed blood alcohol content in excess of .10 percent. The two cases are also similar with respect to the evi-

---

[4]Section 146.82(1), Stats., reads in part: "All patient health care records shall remain confidential." The statute continues by stating: "Patient health care records may be released only to the persons designated in this section or to other persons with the informed consent of the patient or of a person authorized by the patient. . . ."

dence being introduced through the testimony of an attending physician.[5]

When this court reviewed *Jenkins*, we were asked to decide whether the results of blood tests taken for blood alcohol content were admissible in court when the blood tests were taken for diagnostic reasons only and not at the request of a police officer. We ruled that the blood tests were admissible and the procurement of the test results by the police did not constitute an illegal search and seizure. The court stated: "[W]here a blood test is taken at the request of a physician, solely for diagnostic purposes and not at the request or suggestion of any governmental authority, there is no search and seizure within the meaning of the fourth amendment to the United States Constitution." *Id.* at 433-34. Accordingly, the city of Muskego contends that the blood test results in the present case were obtained without fourth amendment implications.

The city also argues that the results of medical tests taken for diagnostic purposes are admissible at trial if the case involves an exception to the physician-patient privilege. We applied sec. 905.04(4)(d), Stats., in *Jenkins* which is an exception to the doctor-patient privilege.[6] The city of Muskego argues that the exception that appropriately applies to this case is found under sec. 905.04(4)(f), Stats., which reads: "There is no privilege concerning the results of or circumstances surrounding any chemical tests for intoxication or blood alcohol concentration." The city reasons that because there is no

---

[5]The cases differ in how the individuals were charged. Jenkins was charged with homicide by negligent and intoxicated use of a motor vehicle.

[6]Section 905.04(4)(d), Stats., states that: "There is no privilege in trials for homicide when the disclosure relates directly to the facts or immediate circumstances of the homicide."

privilege concerning the results of chemical tests for intoxication or blood alcohol concentration, there can be no expectation of privacy concerning the test results.

Godec argues that the diagnostic health care records cannot be used by the city to show that he was operating a motor vehicle with a blood alcohol content in excess of .10 percent. Godec maintains that sec. 146.82, Stats., requires that the records remain confidential and pro-. hibits the release of test results without patient consent. Godec argues that if the legislature had intended to allow law enforcement officials access to all diagnostic medical tests, it would have exempted all tests from the confidentiality provisions of the patient health care records law rather than limiting the exemption to implied consent tests under sec. 343.305(2).[7]

Godec also argues that *Jenkins* is not controlling because first, *Jenkins* dealt with a homicide, and second, the case was decided prior to the enactment of the privacy requirements outlined in secs. 146.81 and 146.82, Stats. Furthermore, Godec reasons that sec. 146.82 exempts only tests under the implied consent law from confidentiality requirements and therefore it must be concluded that the legislature has deemed confidential

---

[7]Section 343.305, Stats., provides, in relevant part, as follows:

> Any person who is on duty time with respect to a commercial motor vehicle or drives or operates a motor vehicle upon the public highways of this state . . . is deemed to have given consent to one or more tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity . . . of alcohol, controlled substances, a combination of alcohol and controlled substances, other drugs or a combination of alcohol and other drugs when requested to do so by a law enforcement officer under sub. (3)(a) or (am) or when required to do so under sub. (3)(b). Any such tests shall be administered upon the request of a law enforcement officer. . . .

all health records that are not specifically excluded under sec. 146.81(4).

The construction of a statute and its application to a set of facts is considered a question of law. *Hobl v. Lord,* 157 Wis. 2d 13, 20, 458 N.W.2d 536, 539 (Ct. App. 1990). An appellate court is not bound by a trial court's conclusions of law and decides the matter *de novo. First Nat. Leasing Corp. v. Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Where this court has construed a statute, the legislature is presumed to know that this construction will remain unchanged unless the legislature specifically changes the particular holding. *State v. Banks,* 105 Wis. 2d 32, 46, 313 N.W.2d 67 (1981).

The legislature is presumed to have known about the *Jenkins* ruling which states that the results of blood alcohol tests taken for diagnostic purposes only are admissible at trial if the case involves an exception to the general physician-patient privilege found in sec. 905.04, Stats. After the *Jenkins* decision, the legislature enacted sec. 905.04(4)(f), but made no mention of a privilege concerning tests for blood alcohol concentration.

In reviewing sec. 905.04(4)(f), Stats., we apply the analysis articulated in *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764 (1987) where the court stated: "If the meaning of the statute is plain, we are prohibited from looking beyond the language of the statute to ascertain its meaning." The court went on to say: "Only if the statutory language is ambiguous or unclear may we refer to outside sources to aid statutory construction." Section 905.04(4)(f), is neither ambiguous nor unclear. The statute distinctly states there is no privilege considering the results or circumstances surrounding any chemical tests for intoxication or blood

alcohol concentration, including the test given to Godec in the present action.

Further analysis reveals that sec. 146.82, Stats., concerning confidentiality of patient health care records, is a general statute when compared to the more specific sec. 905.04(4)(f), which concerns tests for intoxication. When we compare a general statute and a specific statute, the specific statute takes precedence. *See Employees Local 1901 v. Brown County,* 146 Wis. 2d 728, 735, 432 N.W.2d 571 (1988); *Mack v. Joint School District No. 3,* 92 Wis. 2d 476, 490, 285 N.W.2d 604 (1979). Thus, the state of the law found in the more specific statute, sec. 905.04(4)(f), shall apply to the case at bar, and there will be "no privilege concerning the results of or circumstances surrounding [the] chemical tests for intoxication or blood alcohol concentration." Given the *Jenkins* decision, and because there is no physician-patient privilege, testimony concerning Godec's blood alcohol test results are properly admissible at trial.

Godec raises another issue which concerns the propriety of Judge Gempeler's ex parte order for the production of Godec's blood alcohol test results. An appellate court will sustain a discretionary act if the trial court examined the relevant facts, applied a proper standard of law, and used a rational process to reach a conclusion that a reasonable judge could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 429–30, 320 N.W.2d 175 (1982). We hold that the circuit court's ex parte order was proper for obtaining Godec's health care records.

The city of Muskego obtained the ex parte order from Judge Gempeler. The judge was authorized to issue an order to subpoena the documents pursuant to sec. 885.01, Stats., which reads:

**Subpoenas, who may issue.** The subpoena need not be sealed, and may be signed and issued as follows:

**(1)** By any judge or clerk of a court or court commissioner or municipal judge, within the territory in which the officer or the court of which he or she is the officer has jurisdiction, to require the attendance of witnesses and their production of lawful instruments of evidence in any action, matter or proceeding pending or to be examined into before any court, magistrate, officer, arbitrator, board, committee or other person authorized to take testimony in the state.

Under sec. 885.01 a circuit judge has authority to order the production of documents in any action pending before any court. Section 885.01 does not require that a judge have jurisdiction prior to issuing a subpoena. It merely requires that the subpoena be issued within the territory in which the judge has jurisdiction.

Furthermore, pursuant to sec. 146.82(2)(a)4, Stats., patient health care records shall be released upon request without informed consent under a lawful order of a "court of record." According to sec. 755.01(1), a municipal court is not a court of record. Thus, the city of Muskego had to obtain the necessary ex parte order from the circuit court rather than from the municipal court. We conclude that legislation does not prohibit a party from obtaining patient health care records for use in municipal court as long as the order for their production is obtained from a circuit court in the manner in which the city of Muskego obtained its order.

Finally, we decide whether the circuit court correctly remanded the case to the municipal court. Under

547

sec. 800.14(4), Stats., the circuit court "shall order that a new trial be held in circuit court." According to the statute, the circuit court has no alternative but to hold a new trial. We therefore conclude that the circuit court erred when it remanded the case to the municipal court for a new trial.

For the reasons set forth above, we reverse the decision of the circuit court and order that both the citation for operating a motor vehicle with a blood alcohol concentration in excess of .10 percent and the citation for operating a motor vehicle while under the influence of an intoxicant be set for trial in circuit court with directions that the city be allowed to introduce evidence regarding the Godec's blood alcohol concentration.

*By the Court.*—The judgment of the Waukesha county circuit court is reversed and remanded with directions consistent with this opinion.