STATE of Wisconsin, Plaintiff-Respondent,

v.

Marquis D. ROSENBURG, Defendant-Appellant.

Supreme Court

*No. 95–1760–CR. Oral argument January 10, 1997.—Decided March 20, 1997.*

(Also reported in 560 N.W.2d 266.)

For the defendant-appellant there were briefs (in the court of appeals) and oral argument by *Colin C. Hagensick*, Milwaukee.

For the plaintiff-respondent the cause was argued by *Susan K. Ullman*, assistant attorney general, with whom on the brief (in the Supreme Court) was *James E. Doyle*, attorney general.

¶ 1. WILLIAM A. BABLITCH, J. Marquis D. Rosenburg (Rosenburg), appeals his conviction for escape from custody, pursuant to Wis. Stat. § 946.42 (1993–94). While Rosenburg was a probationer on

work-release from the county jail, he failed to return to jail. As a result, he was convicted of escape. Rosenburg appeals his conviction, relying on *State v. Schaller*, 70 Wis. 2d 107, 233 N.W.2d 416 (1975), which held that a probationer confined in a county jail as a condition of probation could not be convicted of escape for failure to return from work release. The State of Wisconsin (State) contends that the legislature's 1983 amendments to the probation statute overruled *Schaller* and, hence, bring Rosenburg's failure to return to jail within the purview of the escape statute. We disagree. We conclude that the 1983 amendments to the probation statute did not affect the escape statute in any way relevant to this case and, therefore, *Schaller* governs the escape statute that was in effect when Rosenburg committed the act for which he was charged and convicted of escape.[1] Accordingly, we reverse.

¶ 2. The relevant facts are not in dispute. As a result of his four misdemeanor convictions, Rosenburg was placed on probation. As a condition of probation, the circuit court ordered him to serve 11 months in the Washington County jail with work-release privileges pursuant to Wis. Stat. § 973.09(4) (1993–94), cited below.[2] On August 13, 1994, while on work-release,

---

[1] Rosenburg was charged and convicted under Wis. Stat. § 946.42 (1993–94). The escape statute was amended in 1996. Because the question is not before us, we decline to rule on the impact the 1996 amendments have on *Schaller*.

[2] Section 973.09(4), Stats., provides in relevant part:

> The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail, Huber facility or tribal jail during the hours or periods of employment or other activity under s. 303.08(1)(a) to (e) while confined under this subsection.

Rosenburg failed to return to jail. Consequently, the State charged him with escape.

¶ 3. Rosenburg moved to dismiss the charge, relying on *Schaller*, 70 Wis. 2d 107. The circuit court denied Rosenburg's motion, concluding that the legislature's 1983 amendments to the probation statute functionally overruled *Schaller*. Following a bench trial, Rosenburg was convicted of escape. On appeal, the court of appeals certified the matter to this court asking us to determine whether the legislature's 1983 amendments to the probation statute overruled *Schaller*.

¶ 4. The issue before us is whether the 1983 amendments to the probation statute modified the effect of our interpretation of the escape statute in *Schaller*, i.e., whether the 1983 amendments to the probation statute make a probationer subject to the escape statute for failure to return to jail from work release when he or she is subject to an order of confinement as a condition of probation.

██

¶ 5. The interpretation of a statute is a question of law which we review *de novo* without deference to the decisions of the lower courts. *Eby v. Kozarek*, 153 Wis. 2d 75, 79, 450 N.W.2d 249 (1990).

¶ 6. The cardinal rule in statutory interpretation is to discern the intent of the legislature. *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990). We ascertain legislative intent by examining the language of the statute, as well as its scope, history, context, subject matter, and purpose. *Id.*; *see also Voss v. City of Middleton*, 162 Wis. 2d 737, 749, 470 N.W.2d 625 (1991). When determining legislative intent, we must assume that the lawmakers knew the law in

effect at the time they acted. *Milwaukee v. Kilgore*, 193 Wis. 2d 168, 183, 532 N.W.2d 690 (1995).

¶ 7. The escape statute in effect at the time of the 1983 amendments had been interpreted by this court in *Schaller*. Thus, we begin our analysis with an examination of *Schaller*, in which we concluded that probationers serving time in jail as a condition of probation cannot be convicted under the escape statute. Next, we examine the probation statute in effect when *Schaller* was decided and the 1983 amendments to the probation statute. Finally, we consider whether the 1983 amendments to the probation statute affected our interpretation of the escape statute.

¶ 8. In *Schaller*, the court interpreted the escape statute. *Schaller*, 70 Wis. 2d 107. *Schaller* held that a probationer, confined to jail as a condition of probation, was not subject to the escape statute for failure to return to jail from work release. *Id.* In reaching its conclusion, the court looked at the language of the escape statute which stated that it governs persons in custody. *Id.* at 110. The statute defined "custody" as the " 'actual custody' of an institution [or of] a peace officer or institutional guard and 'constructive custody' of prisoners outside the institution." Wis. Stat. § 946.42(5)(b) (1973–74). The escape statute explicitly referred to the custody of probationers: "[custody] does not include the custody of a probationer or parolee by the department of health and social services or a probation or parole officer *unless the prisoner is in actual custody.* . . ." *Schaller*, 70 Wis. 2d at 110 (emphasis added).

¶ 9. The *Schaller* court concluded that a probationer is in actual custody only during periods of actual confinement. *Id.* at 113. During periods of release, the court concluded, a probationer was within the statu-

tory exception to "custody," and, therefore, could not commit an "escape" during such a release. *Id.*

██

¶ 10. Construction given to a statute by the supreme court becomes part of the statute unless the legislature subsequently amends the statute to effect change. *State ex rel. La Follette v. Circuit Court,* 37 Wis. 2d 329, 341, 155 N.W.2d 141, 147 (1967). The substantive language of the escape statute pertinent to this action did not change between the time of our interpretation of the escape statute in *Schaller* and the facts that gave rise to this case. Thus, the matter would seem to be resolved. However, the State argues that it is the amendment to the probation statute that alters our interpretation of the escape statute in *Schaller.* The interaction of two statutes can create an ambiguity in the law. *Wyss v. Albee,* 193 Wis. 2d 101, 110, 532 N.W.2d 444 (1995). Ergo, we examine the probation statute in our interpretation of the escape statute.

¶ 11. At the time of *Schaller,* the probation statute read in relevant part:

> The court may also require as a condition of probation that the probationer be confined in the county jail between the hours or periods of his employment during such portion of his term of probation as the court specifies, but not to exceed one year and the court shall require him to pay the costs as provided in s. 56.08(4). While confined pursuant to this subsection he shall be subject to all the rules of the jail and the discipline of the sheriff.

Wis. Stat. § 973.09(4) (1973–74). In 1983, the legislature amended the probation statute to read in relevant part:

The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail. . .during the hours or periods of employment or other activity under s. 56.08(1)(a) to (e) while confined under this subsection. The court may specify the necessary and reasonable hours or periods during which the probationer may leave the jail. . .or the court may delegate the authority to the sheriff.. . . *While subject to this subsection, the probationer is subject to s. 56.08(1), (3) to (6), (8) to (12) and (14), all the rules of the county jail, Huber facility or tribal jail and the discipline of the sheriff.*

1983 Wis. Acts 104, § 1; 254, § 5; 538, § 260 (emphasis added). Wis. Stat. § 973.09(4) (1983–84). The amended probation statute gives the sheriff more control over the probationer. It allows the sheriff, under Wis. Stat. § 303.08(10), to discipline the probationer by refusing to permit him or her to leave jail for work release. The State argues that this new power to discipline the probationer, by denying him or her permission to leave the jail for work release, gives the sheriff constructive custody of probationers during work release periods. The State argues that this modification in custodial control undermines *Schaller*'s analysis of the escape statute. We disagree.

¶ 12. The language in the escape statute that was applied to Rosenburg expressly applies only to the probationer who is in actual custody. Wis. Stat. § 946.42(1)(a) (1993–94). Under *Schaller*, Rosenburg's failure to return to jail at the end of his work day is not a violation of the escape statute because he was not in actual custody.

¶ 13. Therefore, the only issue is whether the 1983 amendments to the probation statute in some way modify our interpretation of the escape statute. We must presume that the legislature was aware of our decision in *Schaller* when it amended the probation statute. *Kilgore*, 193 Wis. 2d at 183.

¶ 14. The plain language of the amended probation statute reveals no hint of legislative intent to alter *Schaller*'s interpretation of the effect the escape statute has on probationers who fail to return from work release.

¶ 15. Nor does the legislative history of the 1983 amendments indicate that the legislature amended the probation statute in response to *Schaller*. Indeed, the legislative history of the amendments to the probation statute does not reflect any intent to alter the law of escape. On the contrary, the legislative history of these amendments indicates that the legislature's actions were motivated by a desire to ease administrative burdens of the probation system, and to harmonize the sheriff's administration of the work-release program.

¶ 16. In sum, we find nothing in the language, or the legislative history of the amended probation statute, to indicate an intent by the legislature to affect our holding in *Schaller*. The court's construction of a statute will stand unless the legislature specifically changes the particular holding. *City of Muskego v. Godec*, 167 Wis. 2d 536, 545, 482 N.W.2d 79, 83 (1992). We conclude that the legislature did not change our holding in *Schaller* when it enacted the 1983 amendments to the probation statute.

¶ 17. We note that in 1996, the legislature amended the escape statute. 1995 Wis. Act 154. While the 1996 amendment is not applicable to Rosenburg because his failure to return to jail occurred in 1994,

the language and history of the new escape statute indicate that the legislature itself believed that the 1983 amendments to the probation statute did not affect the escape statute. The Legislative Reference Bureau's analysis of the 1996 amendment provide:

> This bill makes various changes relating to persons who are confined in a jail or similar facility as a condition of probation:
>
> . . .
>
> 2. Current law provides penalties for persons who escape from custody. The prohibitions apply to a person on probation only when the person is in actual custody, such as in custody in a jail. This bill makes a probationer subject to the escape law at all times when he or she is subject to an order of confinement as a condition of probation.

¶ 18. We are careful to note that the legislative history of the 1996 amendments is not dispositive of the legislature's intent in 1983. Nonetheless, this clear expression of legislative intent to change the escape statute reinforces our conclusion.

¶ 19. We conclude that the 1983 amendments to the probation statute did not modify *Schaller*. Therefore, we hold that the escape statute in effect at the time Rosenburg failed to return to jail did not apply to a probationer who failed to return to jail while released from the sheriff's actual custody. Hence, Rosenburg did not fall within the purview of the escape statute when he was convicted for failure to return to jail from work release. Accordingly, we reverse.

*By the Court.*—Order and judgment reversed.