IN RE the COMMITMENT OF Ronald D. LUTTRELL:

STATE of Wisconsin, Petitioner-Respondent,

v.

Ronald D. LUTTRELL, Respondent-Appellant.

Court of Appeals

*No. 2007AP1840. Submitted on briefs May 6, 2008.*
*—Decided May 20, 2008.*

2008 WI App 93

(Also reported in 754 N.W.2d 249.)

█ I

On behalf of the respondent-appellant, the cause was submitted on the briefs of *R. Steven Prifogle*, assistant state public defender of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Juan B. Colas*, assistant attorney general.

Before Wedemeyer, Fine and Kessler, JJ.

¶ 1. FINE, J. Ronald D. Luttrell appeals, pursuant to our leave, the circuit court's non-final order denying his motion for a competency evaluation under WIS. STAT. § 971.14. We affirm.

## I.

¶ 2. In June of 1984, the State charged Luttrell with first-degree murder, carrying a concealed weapon, battery during a burglary, armed robbery, and first-degree sexual assault, all as an habitual criminal. According to the criminal complaint, Luttrell admitted breaking into the victim's house and raping her both vaginally and anally. When she struggled, he suffocated her with a pillow. According to the criminal complaint, the victim was eighty-three years old and weighed 107 pounds. When Luttrell raped her, he was twenty-nine years old.

¶ 3. The case was plea bargained, and the first-degree murder charge was reduced to second-degree murder. Luttrell pled guilty to that reduced charge and also to first-degree sexual assault; the other charges

were dismissed. The circuit court sentenced Luttrell to two consecutive twenty-year prison terms.

¶ 4. On December 7, 2006, the State filed a petition under WIS. STAT. ch. 980 seeking to have the circuit court find that there was probable cause to believe that Luttrell was a sexually violent person under WIS. STAT. § 980.01(7).[1] *See* WIS. STAT. § 980.02. The petition alleged that Luttrell's mandatory-release date for the rape and murder convictions was December 18, 2006, and that "it is anticipated that he will be released on December 12, 2006." *See* § 980.02(1m) ("A petition filed under this section shall be filed before the person is released or discharged."). The circuit court found that the petition established probable cause to believe that Luttrell was a sexually violent person and that he was, accordingly, eligible for commitment under WIS. STAT. § 980.05(5).[2] Luttrell then sought a competency evaluation under WIS. STAT. § 971.14, which, as noted, the circuit court denied.

---

[1] WISCONSIN STAT. § 980.01(7) defines a "[s]exually violent person" as someone:

> who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence.

[2] WISCONSIN STAT. § 980.05(5) provides:

> If the court or jury determines that the person who is the subject of a petition under s. 980.02 is a sexually violent person, the court shall enter a judgment on that finding and shall commit the person as provided under s. 980.06. If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent person, the court shall dismiss the petition and direct that the person be released unless he or she is under some other lawful restriction.

## II.

¶ 5. The issue presented by this appeal is whether a person against whom a Wis. Stat. ch. 980 petition has been filed is entitled to a competency evaluation under Wis. Stat. § 971.14. This presents a question of law and our review of the circuit court's decision is *de novo. See State v. Smith,* 229 Wis. 2d 720, 724, 600 N.W.2d 258, 260 (Ct. App. 1999).

¶ 6. Wisconsin Stat. § 971.13(1) provides: "No person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." Wisconsin Stat. § 971.14 establishes the mechanism to determine whether the criminal-case defendant is competent. *See* § 971.14(1)(a) ("The court shall proceed under this section whenever there is reason to doubt a defendant's competency to proceed.").

¶ 7. A Wis. Stat. ch. 980 "action is a civil commitment proceeding." *Smith,* 229 Wis. 2d at 727, 600 N.W.2d at 262. It is not a criminal prosecution and persons against whom ch. 980 petitions have been filed are not criminal-case defendants. *See State v. Carpenter,* 197 Wis. 2d 252, 258–259, 270–271, 541 N.W.2d 105, 107, 112 (1995) (Chapter 980 "creates a civil commitment procedure primarily intended to protect the public and to provide concentrated treatment to convicted sexually violent persons, not to punish the sexual offender."); *State v. Post,* 197 Wis. 2d 279, 294, 541 N.W.2d 115, 118 (1995) ("Chapter 980 authorizes the civil commitment of persons, previously convicted of a sexually violent offense, who currently suffer from a mental disorder that predisposes them to repeat

such acts."). Thus, on their face, limited as they are to criminal-case defendants, neither WIS. STAT. § 971.13 nor WIS. STAT. § 971.14 applies here. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124 (We apply statutes as they are written.).

¶ 8. It is true, of course, that both WIS. STAT. § 971.13 and WIS. STAT. § 971.14 *once* applied to WIS. STAT. ch. 980 commitments, *see Smith*, 229 Wis. 2d at 726, 600 N.W.2d at 261, but that was because a specific statute, WIS. STAT. § 980.05(1m) (2003–04), required it, *see Smith*, 229 Wis. 2d at 726–727, 731–732, 600 N.W.2d at 261, 263–264. Section 980.05(1m) (2003–04) provided: "At the trial to determine whether the person who is the subject of a petition under s. 980.02 is a sexually violent person, all rules of evidence in criminal actions apply. *All constitutional rights available to a defendant in a criminal proceeding are available to the person.*" (Emphasis added.) A defendant in a criminal proceeding has the due-process right not to be tried unless he or she is competent, *see Smith*, 229 Wis. 2d at 726–727, 600 N.W.2d at 261–262, and *Smith* held that §§ 971.13 and 971.14 applied to ch. 980 commitments by virtue of § 980.05(1m) (2003–04), *Smith*, 229 Wis. 2d at 726–727, 731–732, 600 N.W.2d at 261, 263–264. Section 980.05(1m (2003–04), however, was repealed effective August 1, 2006. 2005 Wis. Act 434, §§ 101, 131(1) ("This act first applies to . . . trials under section 980.05 of the statutes, as affected by this act, that are based on a petition filed under s. 980.02 of the statutes, as affected by this act, on the effective date of this subsection."), 132 ("This act takes effect on the first day of the 2nd month beginning after publication.").

2005 Wis. Act 434 was published on June 5, 2006. Thus, § 980.05(1m) (2003–04) does not apply to Luttrell.[3]

¶ 9. Luttrell contends however, that he also has a due-process right to avoid a WIS. STAT. ch. 980 trial if he is not competent as defined by WIS. STAT. § 971.13. There is no doubt but that significant due-process rights attend those civil proceedings where the end result of those proceedings is punishment. Although the labels "civil" and "criminal" are important to the analysis, they are not dispositive as to whether a particular result is a civil remedy or a criminal punishment. *See Hudson v. United States*, 522 U.S. 93, 99 (1997). Thus, *State ex rel. Vanderbeke v. Endicott*, 210

---

[3] Luttrell claims in an undeveloped assertion that the legislature did not by its repeal of WIS. STAT. § 980.05(1m) (2003–04) "intend to deprive a respondent [in a WIS. STAT. ch. 980 proceeding] of the right to be competent at [a ch. 980] trial." Other than this *ipse dixit* and the related undeveloped contention that if the legislature *had* wanted to overturn *State v. Smith*, 229 Wis. 2d 720, 600 N.W.2d 258 (Ct. App. 1999), by repealing § 980.05(1m) (2003–04), it would have made that intent clear, Luttrell gives us nothing to support his contention. Legislatures are, however, presumed to know how what they enact will affect then-existing case law. *State v. Olson*, 175 Wis. 2d 628, 641, 498 N.W.2d 661, 666 (1993). As we have seen in the main body of this opinion, *Smith* relied on § 980.05(1m) (2003–04) in holding that persons subject to ch. 980 proceedings are entitled to a competency hearing under WIS. STAT. § 971.14. By repealing § 980.05(1m) (2003–04), the legislature overturned case law that used § 980.05(1m) (2003–04) to give to persons subject to ch. 980 proceedings certain rights enjoyed by defendants in criminal cases even though those rights are not otherwise granted by ch. 980. Simply put, *Smith*'s determination that § 980.05(1m) (2003–04) engrafted § 971.14 onto ch. 980 is not applicable here because § 980.05(1m) (2003–04) is no longer on the books.

Wis. 2d 502, 513, 516, 563 N.W.2d 883, 887, 888 (1997), recognized that persons may not be subject to revocation-of-probation proceedings unless they are competent because although revocation of probation is a "civil" proceeding, the end result of revocation is "incarceration"—punishment. *See also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Although the result of a successful ch. 980 petition is confinement (with the potential, of course, for either complete discharge or conditional release, WIS. STAT. §§ 980.08 & 980.09), someone determined to be a "sexually violent person" is confined for treatment *not* punishment. *Carpenter*, 197 Wis. 2d at 258–259, 270–271, 541 N.W.2d at 107, 112. Stated another way, unlike a violation-of-probation finding, which may result in further imprisonment and thus punishment, a ch. 980 commitment is not imprisonment and is not punishment, but treatment. Therefore, unlike the probation-revocation situation in *Vanderbeke*, there is no criminal-law-based due-process right to a competency hearing in a ch. 980 proceeding.[4]

¶ 10. Luttrell's contention that he is entitled to a competency hearing under WIS. STAT. § 971.14 also ignores the special indicium of a civil commitment, which, per force, cannot depend on whether that person is competent. Thus, significant mental impairment is a condition to commitment under WIS. STAT. ch. 51,

---

[4] The law elsewhere is similar. *See Iowa v. Cubbage*, 671 N.W.2d 442, 447 (Iowa 2003); *State ex rel. Nixon v. Kinder*, 129 S.W.3d 5, 9–11 (Mo. Ct. App. 2003); *see also Branch v. Florida*, 890 So. 2d 322, 328 (Fla. Dist. Ct. App. 2004) (A person whose commitment under a sexual-predator statute is sought has "no due process right to be competent" except "when the State relies on evidence of prior bad acts supported *solely* by unchallenged and untested factual allegations to establish any element of its case.") (emphasis added).

Wisconsin's civil mental-commitment chapter, *see* Wɪs. Sᴛᴀᴛ. § 51.20(1)(a), as it is under Wɪs. Sᴛᴀᴛ. ch. 55, Wisconsin's protective-placement-system chapter for persons who are unable to properly care for themselves, *see* Wɪs. Sᴛᴀᴛ. § 55.001.[5] Accordingly, competency is not a prerequisite to either civil mental-commitment or civil protective-placement proceedings. This is clear because, under § 971.14(4)–(6), a defendant in a criminal case who is not likely to "become competent" within twelve months must be released from confinement subject to a possible commitment under ch. 51 or a possible protective placement under ch. 55. *See also State ex rel. Matalik v. Schubert*, 57 Wis. 2d 315, 328, 204 N.W.2d 13, 19 (1973) (Civil commitment under ch. 51 is permissible for a criminal-case defendant who is not competent to stand trial.). The same principle applies to Wɪs. Sᴛᴀᴛ. ch. 980.

¶ 11. Persons who are proper subjects for a Wɪs. Sᴛᴀᴛ. ch. 980 commitment suffer mental illness that makes them prone to further predatory sexual violence.

---

[5] Wisconsin Stat. § 55.001 reads:

The legislature recognizes that many citizens of the state, because of serious and persistent mental illness, degenerative brain disorder[s], developmental disabilities, or other like incapacities, are in need of protective services or protective placement. Except as provided in s. 49.45 (30m) (a), the protective services or protective placement should, to the maximum degree of feasibility under programs, services and resources that the county board of supervisors is reasonably able to provide within the limits of available state and federal funds and of county funds required to be appropriated to match state funds, allow the individual the same rights as other citizens, and at the same time protect the individual from financial exploitation, abuse, neglect, and self-neglect. This chapter is designed to establish those protective services and protective placements, to assure their availability to all individuals when in need of them, and to place the least possible restriction on personal liberty and exercise of constitutional rights consistent with due process and protection from abuse, financial exploitation, neglect, and self-neglect.

WIS. STAT. § 980.02(2) (A petition seeking a ch. 980 commitment must allege that "(b) [t]he person has a mental disorder" and "(c) [t]he person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence."). Now that WIS. STAT. § 980.05(1m) (2003–04) has been repealed, the law no longer lets those who are *so* mentally ill that they are not "competent" under WIS. STAT. § 971.13 fall through the cracks to continue their predatory sexual violence. The cracks are there because an involuntary civil commitment under WIS. STAT. ch. 51 requires a *recent* violent act, attempt, or threat.[6]

---

[6] As material, WIS. STAT. § 51.20(1) provides:

(a) Except as provided in pars. (ab), (am), (ar) and (av), every written petition for examination shall allege that all of the following apply to the subject individual to be examined:

1. The individual is mentally ill or, except as provided under subd. 2. e., drug dependent or developmentally disabled and is a proper subject for treatment.

2. The individual is dangerous because he or she does any of the following:

a. Evidences a substantial probability of physical harm to himself or herself as manifested by evidence of *recent threats of or attempts* at suicide or serious bodily harm.

b. Evidences a substantial probability of physical harm to other individuals as manifested by evidence of *recent homicidal or other violent behavior, or by evidence that others are placed in reasonable fear of violent behavior and serious physical harm to them, as evidenced by a recent overt act, attempt or threat to do serious physical harm.* In this subd. 2. b., if the petition is filed under a court order under s. 938.30 (5) (c) 1. or (d) 1., a finding by the court exercising jurisdiction under chs. 48 and 938 that the juvenile committed the act or acts alleged in the petition under s. 938.12 or 938.13 (12) may be used to prove that the juvenile exhibited recent homicidal or other violent behavior or committed a recent overt act, attempt or threat to do serious physical harm.

(Emphasis added.)

Thus, a ch. 51 commitment for the subject of a ch. 980 petition is impossible unless that person, who, of course, is locked up when the ch. 980 petition is filed, committed a recent act, attempt, or threat of violence. Additionally, as we have already seen, a protective placement under WIS. STAT. ch. 55 is essentially for those who are unable to properly care for themselves, *see* WIS. STAT. § 55.001, and an emergency protective placement may only be made if "it appears probable that an individual is so totally incapable of providing for his or her own care or custody as to create a substantial risk of serious physical harm to himself or herself or others as a result of developmental disability, degenerative brain disorder, [or] serious and persistent mental illness," WIS. STAT. § 55.135(1). Thus, in many if not most cases neither ch. 51 nor ch. 55 are viable alternatives to a ch. 980 commitment, and Luttrell does not explain: (1) why he would be eligible for either a ch. 51 commitment or a ch. 55 protective placement; or (2) how either alternative would protect society from him.

¶ 12. In sum, on our *de novo* review we agree with the circuit court that Luttrell is not entitled to a competency hearing under WIS. STAT. § 971.14. We affirm the circuit court's non-final order, and remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded for further proceedings.