In re the DETENTION OF Kenneth
John EWOLDT.

State of Iowa, Appellee,

v.

Kenneth John Ewoldt, Appellant.

No. 00–0792.

Supreme Court of Iowa.

Oct. 10, 2001.

Mark Smith, First Assistant Public Defender, Des Moines, and Christopher A. Cooklin, Assistant Public Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan and Virginia Barchman, Assistant Attorneys General, for appellee.

CARTER, Justice.

The respondent, Kenneth Ewoldt, appeals from a judgment declaring him a sexually violent predator under Iowa Code chapter 229A (1999). The finding was made upon evidence that respondent has been convicted of four sexually violent offenses, suffers from a mental abnormality known as pedophilia and is more likely than not to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility. Respondent was ordered to be confined until such time as his mental abnormality has changed so that he is safe to be at large.

On appeal respondent urges that (1) his trial counsel was ineffective in failing to argue that the State should have been required to prove his mental disorder completely impaired his volitional control, (2) a one-year time limit should have been imposed on the State in proving he was more likely than not to reoffend, and (3) Iowa Code chapter 229A violates due process and is a punitive statute to which double jeopardy and ex post facto protections apply. We conclude Iowa Code chapter

229A does not require a showing that respondent lacked complete volitional control over his predatory behavior, or that he was more likely than not to reoffend within one year. We further conclude chapter 229A is civil in nature and does not violate due process, double jeopardy, or ex post facto protections. Consequently, we affirm the judgment of the district court.

## I. Required Degree of Volitional Impairment.

In arguing he could not be found to be a sexually violent predator absent a showing that he lacks complete volitional control over his predatory behavior, respondent seizes upon specific language contained in *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). The Court noted in that case that states have implemented statutes comparable to the Kansas act for the purpose of detaining a narrow class of individuals "who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Hendricks*, 521 U.S. at 357, 117 S.Ct. at 2079, 138 L.Ed.2d at 512. The Court further observed:

A finding of dangerousness, standing alone, is ordinarily not a sufficient ground upon which to justify indefinite involuntary commitment. We have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor, such as a "mental illness" or "mental abnormality." *These added*

statutory requirements serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control. The Kansas Act is plainly of a kind with these other civil commitment statutes: It requires a finding of future dangerousness, and then links that finding to the existence of a "mental abnormality" or "personality disorder" that makes it difficult, if not impossible, for the person to control his dangerous behavior.

*Id.* at 358, 117 S.Ct. at 2080, 138 L.Ed.2d at 512–13 (emphasis added) (citations omitted).

Respondent urges his trial counsel was ineffective for failing to argue that the language in *Hendricks*, which we have italicized, requires proof of a complete lack of volitional control before an alleged sexual predator can be involuntarily confined. We cannot agree with that contention.

The essential conclusion to be derived from *Hendricks* is that a state's sexually violent predator statute does not violate substantive due process if it requires proof of a "mental abnormality" that results in an inability to control sexually dangerous behavior. Iowa Code section 229A.2(4) requires such proof as did the Kansas statute upheld in *Hendricks*.[1] But, we do not read section 229A.2(4) as requiring that the necessary mental abnormality involved a total lack of volitional control. Nor do we interpret the language from *Hendricks*, upon which respondent

---

1. The language of the Kansas statute was virtually identical with that contained in section 229A.2(4). The Iowa statute provides:

    *"Mental abnormality"* means a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others.

The Kansas statute reads as follows:

*"Mental abnormality"* means a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others.

Kan. Stat. Ann. § 59–29a02(b) (1994).

relies, as requiring that such an extreme lack of volition be shown to exist in order for a confinement to satisfy substantive due process.

Our rejection of defendant's contention concerning the volitional requirement of section 229A.2(4) finds support in *In re Linehan,* 594 N.W.2d 867 (Minn.), *cert. denied,* 528 U.S. 1049, 120 S.Ct. 587, 145 L.Ed.2d 488 (1999). In that case, the court found that *Hendricks* requires a showing of a degree of volitional impairment that results in a lack of control over one's own dangerousness, but does not require a showing of a complete lack of volitional control. *Linehan,* 594 N.W.2d at 875. Similarly, a Washington appellate court in *In re Brooks,* 94 Wash. App. 716, 973 P.2d 486 (1999), concluded that a defendant's pedophilia was a "mental abnormality" under Washington's sexually violent predator statute and rejected the defendant's argument that *Hendricks* requires a showing of a complete lack of volitional control. *Brooks,* 973 P.2d at 492. We agree with these holdings.

## II. *Temporal Context of the Likelihood of Reoffending.*

Respondent next argues chapter 229A requires a showing that he is more likely than not to reoffend within one year prior to an involuntary confinement, citing Iowa Code section 229A.8 as support for his contention. This section applies to individuals who have already been adjudged sexually violent predators. *See* Iowa Code § 229A.8. It requires an annual review and probable-cause hearing for all sexual predators to determine whether continued confinement is proper. *See id.*

■ We cannot accept defendant's argument that the legislature, in providing for an annual review, required the State to prove that an alleged sexual predator is expected to reoffend within a period of one year. Iowa Code section 229A.2 requires the State to prove that respondent is "more likely than not [to] engage in acts of a sexually violent nature," but does not include a time frame as to when the acts should be expected to occur. Iowa Code § 229A.2(3), (9) (Supp.1999).

As the State urges, the legislature has recognized that "the treatment needs of [sexually violent predators] are very long-term." Iowa Code § 229A.1. Hence, we are convinced that the legislature did not intend to impose a burden upon the State to prove that alleged sexual predators are expected to reoffend within a specific time period, particularly a relatively short, one-year time period.

## III. *Other Issues.*

■ As a final matter, we conclude that respondent's arguments that chapter 229A violates due process, double jeopardy and ex post facto protections have no merit. This court previously rejected the argument that chapter 229A violates due process because it does not provide a less restrictive alternative in *In re Detention of Garren,* 620 N.W.2d 275, 284–85 (Iowa 2000). Similarly, this court held that Iowa Code chapter 229A is a civil statute that is not criminal in nature. *Garren,* 620 N.W.2d at 283. As such, double jeopardy and ex post facto protections do not apply to chapter 229A. *Id.* at 283–84. The court's position on these issues was recently reaffirmed in *In re Detention of Williams,* 628 N.W.2d 447 (Iowa 2001).

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

SNELL, S.J.,* participates in lieu of STREIT, J., who takes no part.