In re The DETENTION OF
William CUBBAGE.

State of Iowa, Appellee,

v.

William Cubbage, Appellant.

No. 02–0850.

Supreme Court of Iowa.

Nov. 13, 2003.

Mark Smith, First Assistant Public Defender, and Melissa A. Anderson, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, Andrew B. Prosser and Linda J. Hines, Assistant Attorneys General, and Patrick C. Jackson, County Attorney, for appellee.

CADY, Justice.

In this appeal, we consider whether an individual has a statutory or constitutional right to be competent during the course of proceedings instituted to determine whether he is a sexually violent predator. For the reasons that follow, we conclude he does not, and affirm the district court order finding that the respondent is a sexually violent predator and confining him for treatment.

## I. Background Facts and Proceedings.

William Cubbage has been convicted of four sexually violent offenses in the past: assault with intent to commit sexual abuse (in 2000), indecent contact with a child (1997 and 1991), and lascivious acts with a child (1987). Iowa Code § 229A.2(8) (2001) (defining "sexually violent offense" for purposes of Iowa's Sexually Violent Predator Act (SVPA)). A forensic psychologist who examined Cubbage diagnosed him as possessing two psychological conditions: pedophilia and personality disorder NOS/mixed personality disorder (with antisocial and narcissistic features). The psychologist believed to a reasonable degree of scientific certainty that both of these conditions were "mental abnormalities" as that term is defined in the SVPA and these mental abnormalities made it seriously difficult for Cubbage to control his sexually dangerous behavior. *Id.* § 229A.2(4) (defining "mental abnormality"); *see also In re Detention of Barnes,* 658 N.W.2d 98, 101 (Iowa 2003) (requiring "a showing [that an alleged sexually violent predator has] a serious difficulty in controlling behavior"). He reached these conclusions after conducting several assessments of Cubbage. These assessments revealed that Cubbage was a "high risk" to commit future acts of sexual violence if not held in a secure facility, possessed several factors that indicated recidivism was possible, and had never participated in sex offender treatment. *See* Iowa Code § 229A.2(9) (defining "sexually violent predator"). Moreover, many factors indicated that any future offenses Cubbage was likely to commit if not confined would be predatory. *See id.*

On August 14, 2001, the State filed a petition alleging Cubbage was a sexually violent predator subject to confinement for treatment based on his prior conduct and current mental status. *See id.* § 229A.4. The district court later found probable cause existed to confine Cubbage pending a more extensive trial on whether he was a sexually violent predator. *See id.* § 229A.5. Prior to the trial, Cubbage filed an application seeking a psychiatric evaluation of his competency to stand trial. In his application, Cubbage asserted that he had both a statutory and constitutional right to be competent during the trial inquiry into whether he was a sexually violent predator. Along with the application, Cubbage reported that another doctor had determined he suffered from senile dementia, was functioning in the mentally retarded range due to his senility, was unable to recall the date, day, month, or time when asked, and functioned below normal in understanding basic legal rights and processes. The doctor had also concluded that Cubbage was unable to assertively aid in his own defense.

The State resisted Cubbage's application for psychiatric evaluation contending that he had no statutory or constitutional right to be competent during the trial to determine whether he was a sexually violent predator. The district court denied the application. The parties proceeded to trial on the stipulated facts laid-out above. These facts led the district court to conclude the State had proven beyond a reasonable doubt that Cubbage was a sexually violent predator and should be confined for treatment. *See id.* § 229A.7(3). Cubbage appeals from this determination, challenging the district court's underlying denial of his application for a pre-trial psychiatric evaluation.

## II. Standard of Review.

▪ Cubbage's claims hinge on our interpretation of provisions of the SVPA and the state and federal constitutions. Our review of the district court's construction and interpretation of the statute is for correction of errors at law. *In re Detention of Swanson,* 668 N.W.2d 570, 575 (Iowa 2003). We review Cubbage's constitutional claim de novo. *In re Detention of Garren,* 620 N.W.2d 275, 278 (Iowa 2000).

## III. Statutory Right of Competency.

▪ Cubbage renews on appeal his arguments that he has both a statutory and constitutional right to be competent through the course of the trial inquiry into whether he is a sexually violent predator. He believes that his statutory right of competency arises from Iowa Code section 812.3, which provides,

> If at any stage of a *criminal* proceeding it reasonably appears that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, further proceedings must be suspended and a hearing had upon that question.

(Emphasis added.) *See also* Iowa Code § 812.4 (providing that, upon a finding of incapacity, "no further proceedings shall be taken under the complaint or indictment until the accused's capacity is restored"). However, both our prior interpretations of the SVPA and the statutory language Cubbage invokes as evidence of his statutory right of competency undermine his argument that he holds such a right.

In *In re Detention of Garren,* we determined "that the Sexually Violent Predator Act is civil in nature, not criminal." 620 N.W.2d at 283. As emphasized above, Iowa Code section 812.3 provides for a competency hearing in a criminal proceeding but makes no provision for a hearing in a civil proceeding. Cubbage offers no oth-

er source—including no specific provision of the SVPA—for his alleged statutory right to competency during proceedings under the act.[1] For these reasons, we conclude that Cubbage does not have a statutory right to be competent during the course of proceedings brought pursuant to the SVPA.[2]

## IV. Constitutional Right of Competency.

▮▮ Cubbage also argues that he has a constitutional right to be competent dur-

ing the course of his SVPA proceedings. He believes this right is grounded in the substantive due process guarantees of both the state and federal constitutions. *See* U.S. Const. amend. V, XIV; Iowa Const. art. 1, § 9.[3] He supports his position by analogy to cases considering competency that have arisen in the criminal law and extradition contexts and a decision of the Wisconsin Court of Appeals. *See State v. Rieflin,* 558 N.W.2d 149, 152 (Iowa 1996); *In re Hinnant,* 424 Mass. 900, 678 N.E.2d 1314, 1318 (1997); *In re Commitment of*

---

1. The only provision in the statute that arguably—and, the State asserts, implicitly—evinces legislative intent in relation to competency is Iowa Code section 229A.7(1) (2001). Section 229A.7(1) provides for a pre-trial hearing on an alleged predator's prior conduct in those cases in which the alleged predator previously had been charged with a sexually violent offense and was found incompetent to stand trial or not guilty by reason of insanity. *Id.* The statute further provides that, "[a]t the hearing on this issue, . . . all constitutional rights available to defendants at criminal trials, *other than the right not to be tried while incompetent,* shall apply." *Id.* (emphasis added). The statute then concludes that, if "the court finds, beyond a reasonable doubt, that the person did commit" the prior sexually violent offense the court "may proceed to consider whether the person should be committed pursuant to" the Sexually Violent Predator Act (SVPA). *Id.*

   Ultimately, this statutory scheme seems to indicate that the legislature has anticipated that cases will arise in which an alleged predator was incompetent at the time he stood trial for his offenses and remains so at the point the State pursues a determination that he is a sexually violent predator. Moreover, in the course of this type of case, the legislature has specifically stated that the alleged predator has no right to be competent. *See id.* Thus, not only does no provision of the SVPA convey a statutory right to be competent during proceedings instituted pursuant to the act, this provision further evinces legislative refusal to convey such a statutory right. *See id.*

2. We believe this conclusion is further supported by the inherent nature of the SVPA

process. The SVPA process was designed for "a small but extremely dangerous group of sexually violent predators" that require treatment by the long-term application of non-traditional mental illness treatment modalities with the goal of ensuring public safety and providing " 'treatment of the committed individual rather than punishment.' " Iowa Code § 229A.1; *In re Detention of Swanson,* 668 N.W.2d 570, 576 (Iowa 2003). In many cases, a predicate requirement of competency would undermine the very proceedings instituted to protect the public and aid the respondent by focusing attention on the respondent's competence rather than his mental illness. This result would be contrary to the legislature's intent in establishing the SVPA.

3. Cubbage also cites article one, section ten of the Iowa Constitution as a source of his constitutional due process rights. *See* Iowa Const. art. 1, § 10. He contends that the right to be competent during his SVPA trial is "inherent" in the rights enumerated in this section. *See id.* We have traditionally interpreted this section of our constitution as conveying certain rights to criminal defendants. *See State v. Weaver,* 608 N.W.2d 797, 802–03 (Iowa 2000); *McCandless v. District Court of Polk County,* 245 Iowa 599, 607, 61 N.W.2d 674, 679 (1953); *State v. Mosher,* 128 Iowa 82, 89–90, 103 N.W. 105, 107–08 (1905); *State v. Shepard,* 10 Iowa 126, 131 (1859). The fact that Cubbage raises this issue in a case involving a civil commitment and provides limited justification for its application in this context makes this case the improper arena for fully reconsidering whether article one, section ten is applicable in contexts beyond criminal law.

*Smith,* 229 Wis.2d 720, 600 N.W.2d 258, 261 (App.1999). He also contends that the failure to ensure his competency at this stage of the SVPA proceedings will later undermine the sexually violent predator treatment program in which he would be enrolled to the point of creating another due process violation.[4] *See* Iowa Code §§ 229A.7(3), 229A.9.

■ A familiar jurisprudential process guides our consideration of substantive due process claims:

> The first step in analyzing a substantive due process challenge is to identify the nature of the individual right involved. If the asserted right is fundamental, we apply strict scrutiny analysis. We must then determine whether the government action infringing the fundamental right is narrowly tailored to serve a compelling government interest. Alternatively, if we find the asserted right is not fundamental, the statute must merely survive the rational basis test. To withstand rational basis review, there must be a reasonable fit between the government interest and the means utilized to advance that interest.

*State v. Hernandez–Lopez,* 639 N.W.2d 226, 238 (Iowa 2002) (citations omitted). In undertaking this analysis, we have "traditionally considered the federal and state due process provisions to be equal in scope, import, and purpose" and construed these provisions similarly. *Garren,* 620 N.W.2d at 284; *see also Hernandez–Lopez,* 639 N.W.2d at 237. We do the same here.

Cubbage identifies two individual rights that he argues are fundamental and threatened by operation of the SVPA: the right to be free from bodily restraint and the right, as a mentally ill person, to treatment in an appropriate setting. *See Foucha v. Louisiana,* 504 U.S. 71, 80, 112 S.Ct. 1780, 1785–86, 118 L.Ed.2d 437, 448 (1992); *Allen v. Illinois,* 478 U.S. 364, 369, 106 S.Ct. 2988, 2992, 92 L.Ed.2d 296, 304 (1986). Yet, under closer scrutiny, it is clear that these two claimed fundamental rights merely underlie Cubbage's broader claim that he has a right to be competent during the trial to determine his sexually violent predator status. This overarching alleged right of competency is directly related to the assessment of whether Cubbage is a sexually violent predator—the process that is at the core of this appeal—and must be focused upon in considering Cubbage's claim that he holds a *fundamental* right related to his competency.

As noted previously, Cubbage supports his due process arguments by citation to cases in the criminal and extradition case contexts and a case of the Wisconsin Court of Appeals. *See Rieflin,* 558 N.W.2d at 152; *Hinnant,* 678 N.E.2d at 1318; *Smith,* 600 N.W.2d at 261. However, the specialized, civil nature of the proceedings under the SVPA undermines the application of the extradition and criminal case precedents he seeks to apply. *See Garren,* 620 N.W.2d at 283–84; *see also In re Detention of Ewoldt,* 634 N.W.2d 622, 624 (Iowa 2001); *In re Detention of Williams,* 628 N.W.2d 447, 451 (Iowa 2001). Moreover, the Wisconsin Court of Appeals case cited by Cubbage involved the interpretation of

---

4. Cubbage apparently raises this argument in an effort to syllogize the role of competency in a sexually violent predator's treatment to its role in the preliminary determination of whether an individual is a sexually violent predator in need of treatment. This appeal, however, is focused only on the role of competency in the process (codified in the SVPA) for determining if treatment is warranted. For this reason, we offer no further comment in this case on what role competency might play in the actual treatment of a sexually violent predator.

a statute with vastly different language than the SVPA.[5] *See Smith,* 600 N.W.2d at 261 (citing Wis. Stat. § 980.05(1m) (1997)). This language expressly extended *all* criminal context constitutional protections to alleged sexually violent predators under the Wisconsin statute. *See id.* (citing Wis. Stat. § 980.05(1m)). The SVPA is nowhere near as explicit—a point Cubbage concedes—and the Wisconsin court's interpretation of that state's statute provides little true support for Cubbage's argument.

Instead, we turn to both our prior case precedents and those of the United States Supreme Court to guide our resolution of this issue. Neither the Supreme Court nor this court has created a clear test for determining whether an alleged right that is not specifically and constitutionally enumerated is "fundamental." *See Lawrence v. Texas,* 539 U.S. ——, ——, 123 S.Ct. 2472, 2480, 156 L.Ed.2d 508, 521 (2003) (" '[H]istory and tradition are the starting point but not in all cases the ending point of the substantive due process inquiry.' " (Citation omitted.)); *see also* 2 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law* § 15.7, at 633–36 (1999) (listing six substantive categories of fundamental rights "in addition to the fundamental guarantees of the Bill of Rights" identified by the Supreme Court while noting the "subjective nature" of the Court's decisions concerning these rights). Nevertheless, we have traditionally followed the Court's guidance in determining which rights are deemed fundamental. *See Gilleland v. Armstrong Rubber Co.,* 524 N.W.2d 404, 407 (Iowa 1994); *Bennett v. City of Redfield,* 446 N.W.2d 467, 473

(Iowa 1989); *Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 733 (Iowa 1983).

■ An examination of both the Court's and our precedents reveals that "[t]he *criminal trial* of an incompetent *defendant* violates due process." *Rieflin,* 558 N.W.2d at 152 (emphasis added) (citing *Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498, 506 (1996)). However, the SVPA involves the potential *civil commitment* of a *respondent* alleged to be a sexually violent predator. As prior cases have established and this case affirms, the same concerns and concomitant protections that arise in a criminal case do not necessarily arise in the SVPA area. *See Kansas v. Hendricks,* 521 U.S. 346, 361–71, 117 S.Ct. 2072, 2082–86, 138 L.Ed.2d 501, 515–21 (1997); *Garren,* 620 N.W.2d at 283–84. We believe this principle is key to the determination of whether Cubbage holds a fundamental right to be competent during the SVPA proceedings. Although such a right may be recognized in the criminal case context, the same cannot be said in the civil commitment context. This is confirmed by the fact that the Supreme Court has not recognized a fundamental right to competency in the civil commitment context. *See State ex rel. Nixon v. Kinder,* —— S.W.3d ——, ——, No. WD 62363, 2003 WL 21788869, at *4 (Mo.Ct.App. Aug. 5, 2003) (considering and rejecting a due process challenge to Missouri's sexually violent predator act); *see also Gilleland,* 524 N.W.2d at 407; *Bennett,* 446 N.W.2d at 473; *Stracke,* 341 N.W.2d at 733. Thus, we conclude that Cubbage does not have a fundamental right to be competent during his SVPA proceedings.

---

**5.** The Wisconsin statute provided:
At the trial to determine whether the person who is the subject of a petition under s. 980.02 is a sexually violent person, all rules of evidence in criminal actions apply. *All* constitutional rights available to a defendant in a criminal proceeding are available to the person.
Wis. Stat. § 980.05(1m) (1997) (emphasis added).

In the absence of a fundamental right, "substantive due process demands, at the most, that there be a reasonable fit between the governmental purpose and the means chosen to advance that purpose." *Garren*, 620 N.W.2d at 285; *see also Hernandez–Lopez*, 639 N.W.2d at 238. In *Garren*, we determined that the SVPA survives rational basis review under a substantive due process violation claim because "there is a reasonable fit ... between the State's purpose of protecting society from persons who have been determined to be likely to reoffend if not placed in a secure facility and their placement in such a facility." *Garren*, 620 N.W.2d at 285. Therefore, the SVPA passes muster under rational basis review. Cubbage has suffered no deprivation of any constitutional due process rights related to competency by operation of the SVPA proceedings in the absence of a pre-trial evaluation of his competency to stand trial.

## V. Conclusion.

We affirm the decision of the district court denying Cubbage's request for a pre-trial evaluation of his competency to stand trial and affirm the district court's order finding that he is a sexually violent predator and confining him for treatment.

**AFFIRMED.**

All justices concur except WIGGINS, J., who takes no part.