**In re the DETENTION OF Anthony GARRETT.**

**State of Iowa, Appellee,**

v.

**Anthony Garrett, Appellant.**

**No. 02–1180.**

Supreme Court of Iowa.

Nov. 13, 2003.

Mark C. Smith, First Assistant Public Defender, and Gregory Bal, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines and Denise Timmins, Assistant Attorneys General, and Thomas J. Ferguson, County Attorney, for appellee.

CADY, Justice.

In this appeal, we encounter two questions arising from proceedings commenced to determine whether the respondent is a sexually violent predator. Based on principles and decisions from our other cases in this area, we determine that both the jury verdict and district court order finding the respondent is a sexually violent predator and confining him for treatment should be affirmed.

## I. Background Facts and Proceedings.

Anthony Garrett has been convicted in the past of three counts of third-degree sexual abuse (in 1997), two counts of indecent contact with a child (1993), one count of lascivious acts with a child (1989), one count of indecent exposure (1989), and one count of second-degree sexual abuse (1984). See Iowa Code § 229A.2(8) (2001) (defining "sexually violent offense" for purposes of Iowa's Sexually Violent Predator Act (SVPA)). One doctor opined that Garrett suffered from two mental abnormalities, pedophilia (sexually attracted to males, nonexclusive type) and antisocial personality disorder. See id. § 229A.2(4) (defining "mental abnormality"). The doctor further opined that Garrett was likely to engage in future acts of sexual violence if not confined to a secure facility for treatment and that he had serious difficulty controlling his behavior. See id. § 229A.2(9) (defining "sexually violent predator"). Each of these facts led the State to file a petition alleging Garrett was a sexually violent predator subject to confinement for treatment. See id. § 229A.4.

After probable cause was found to temporarily confine Garrett pending a trial on whether he was a sexually violent predator, Garrett filed a request for a pre-trial evaluation of his competency to stand trial.

*See id.* § 229A.5. This application asserted that Garrett had a statutory and constitutional right to be competent throughout any proceedings pertaining to the allegation that he was a sexually violent predator. The application was premised on additional medical evidence that Garrett was functioning in the mentally retarded range and suffered from schizophrenia. One assessment of Garrett indicated that he could not fully comprehend the commitment process, the phraseology "beyond a reasonable doubt," his right to be represented by counsel, and if represented, the role his counsel would play.

The State resisted Garrett's application for a pre-trial competency evaluation, contending he had no statutory or constitutional right to be competent during the SVPA proceedings. After a hearing on the matter, the district court denied the application. The case proceeded to trial, where a jury found beyond a reasonable doubt that Garrett was a sexually violent predator subject to confinement for treatment. *See id.* § 229A.7(3). A subsequent district court order committed Garrett for treatment. *See id.*

Garrett appeals from the jury verdict and district court order and raises two issues. He first alleges that he had a constitutional due process right to be competent throughout the proceedings related to his sexually violent predator status and that this right was violated by the district court's denial of his application for a competency evaluation.[1] He also argues that his due process rights were violated by the operation of the SVPA because the statute does not require a jury to determine an alleged predator has serious difficulty con-

trolling his behavior. We take up both of these issues in turn.

## II. Standard of Review.

■ Both of Garrett's claims focus on constitutional due process guarantees. Our review is de novo. *In re Detention of Garren,* 620 N.W.2d 275, 278 (Iowa 2000).

## III. Constitutional Right of Competency.

■ In *In re Detention of Cubbage,* 671 N.W.2d 442, 445–48 (Iowa 2003), also decided today, we considered and rejected the respondent's contention that he had a constitutional right to be competent through the course of the proceedings implemented pursuant to the SVPA to determine whether he is a sexually violent predator. There, the respondent invoked the same fundamental rights that Garrett also believes are jeopardized by operation of the SVPA in the absence of an evaluation of his competency. *See id.* at 446.

Cubbage claimed that he held the fundamental right "to be free from bodily restraint and the [fundamental] right, as a mentally ill person, to treatment in an appropriate setting." *Id.* However, we noted "that these two claimed fundamental rights merely under[lay] Cubbage's broader claim that he ha[d] a right to be competent during the trial to determine his sexually violent predator status." *Id.* Thus, because "[t]his overarching alleged right of competency [was] directly related to the assessment of whether Cubbage is a sexually violent predator[,] the process that [was] at the core of [his] appeal," we focused on that claim "in considering Cubbage's claim that he [held] a *funda-*

---

1. Garrett does not renew on appeal his argument that he also held a statutory right to be competent throughout the Sexually Violent Predator Act proceedings based on Iowa Code section 812.3 (2001). *See In re Detention of Cubbage,* 671 N.W.2d 442, 444–45 (Iowa 2003) (also decided today, rejecting the same claim).

*mental* right related to his competency." *Id.* After examining "both our prior case precedents and those of the United States Supreme Court," we determined that the alleged right to be competent during the SVPA proceedings was not fundamental. *Id.* at 447. For this reason, we applied rational basis review and confirmed that the SVPA withstands that level of constitutional scrutiny. *See id.* at 448 (citing *Garren*, 620 N.W.2d at 285).

As noted, Garrett raises the same constitutional due process claims as were raised in *Cubbage*. Our analysis in that case is applicable to Garrett's claims. Thus, we conclude that Garrett did not suffer an infringement of his due process rights based on the district court's decision to deny his application for a pre-trial evaluation of his competency to stand trial.

## IV. Lack of Control Determination.

Garrett also argues that the SVPA violates his due process rights because it does not require a finding that an alleged sexually violent predator has "serious difficulty in controlling behavior." *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 870, 151 L.Ed.2d 856, 862 (2002); *see also Kansas v. Hendricks*, 521 U.S. 346, 357–58, 117 S.Ct. 2072, 2080, 138 L.Ed.2d 501, 512–13 (1997). In *In re Detention of Barnes*, we considered the very same issue Garrett raises and determined the SVPA definition of "mental abnormality" must be defined as including and requiring "a showing of a serious difficulty in controlling behavior" to ensure the SVPA's constitutionality. 658 N.W.2d 98, 101 (Iowa 2003). To this end, we suggested that future SVPA proceedings use a jury instruction that embodies the lack of control requirement:

As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes

the person to commit sexually violent offenses in a degree *that causes the individual serious difficulty in controlling his behavior.*

*Id.* (quoting *Thomas v. Missouri*, 74 S.W.3d 789, 792 (Mo.2002)). Ultimately, the jury instructions used in *Barnes* did not allow for a clear determination that Barnes had a "serious difficulty in controlling behavior," and were thus constitutionally infirm. *Id.*

■ Garrett's case went before the jury in July 2002, after the Supreme Court defined and clarified the "serious difficulty in controlling behavior" due process requirement, but before our decision in *Barnes. See Crane*, 534 U.S. at 413, 122 S.Ct. at 870, 151 L.Ed.2d at 862 (2002); *Hendricks*, 521 U.S. at 357–58, 117 S.Ct. at 2080, 138 L.Ed.2d at 512–13 (1997); *Barnes*, 658 N.W.2d at 101 (2003). Nevertheless, one of the questions posed to the jury on the special verdict form was:

Has the state proved beyond a reasonable doubt that the mental abnormality causes the respondent to have serious difficulty in controlling his sexually dangerous behavior?

The jury answered, "Yes" to this question.

Although this special verdict form question does not track precisely the jury instruction on "mental abnormality" that we suggested in *Barnes*, we believe that the question provoked a thoughtful consideration by the jury of whether Garrett has "serious difficulty in controlling behavior." 658 N.W.2d at 101; *accord Crane*, 534 U.S. at 413, 122 S.Ct. at 870, 151 L.Ed.2d at 862. Unlike the instruction in *Barnes*, which reflected only the SVPA's precise language, the question in this case went beyond the statutory language to encapsulate the due process requirement that had been recognized by the Court and which we would later recognize in *Barnes*. Moreover, the jury specifically found be-

yond a reasonable doubt that Garrett has "serious difficulty in controlling [his] behavior." *Barnes*, 658 N.W.2d at 101; *accord Crane*, 534 U.S. at 413, 122 S.Ct. at 870, 151 L.Ed.2d at 862. Although we continue to stand behind the jury instruction we suggested in *Barnes* for further SVPA proceedings, we believe the special verdict form in this case ensured that Garrett was accorded due process.

### V. Conclusion.

We affirm the finding of the jury that Garrett is a sexually violent predator and also affirm the order of the district court confining Garrett for treatment.

**AFFIRMED.**

All justices concur except WIGGINS, J., who takes no part.