IN THE SUPREME COURT OF IOWA

 No. 9 / 04-1703

 Filed March 31, 2006

IN RE THE DETENTION OF EMERY E. DARLING,

EMERY E. DARLING,

 Appellant.

 Appeal from the Iowa District Court for Appanoose County, Daniel P.
Wilson and Annette J. Scieszinski, Judges.

 Mentally retarded adult appeals his commitment as a sexually violent
predator. AFFIRMED.

 Mark Smith, First Assistant State Public Defender, and Michael H.
Adams, Assistant State Public Defender, for appellant.

 Thomas J. Miller, Attorney General, and Linda J. Hines and Denise A.
Timmons, Assistant Attorneys General, for appellee, State of Iowa.

TERNUS, Justice.
 The appellant, Emery Darling, is moderately mentally retarded, has a
history of molesting young children, and has been diagnosed with
pedophilia. He was committed as a sexually violent predator under Iowa
Code chapter 229A (2003) on September 22, 2004. He appeals the judgment of
commitment, contending chapter 229A does not apply to a person who is
mentally retarded and not amenable to sex offender treatment. Darling also
asserts his confinement violates his statutory and due process rights to
treatment.
 I. Application of Chapter 229A.
 Darling argued in the district court and claims on appeal that chapter
229A does not apply to him because he is mentally retarded and is not
amenable to cognitive behavioral therapy. We recently rejected similar
arguments made by a respondent who suffered from an organic brain disorder
that rendered him unlikely to benefit from traditional sex offender
treatment. See In re Matter of Betsworth, ___ N.W.2d ___ (Iowa 2006). In
Betsworth, we held the “mental abnormality” required for commitment under
chapter 229A is not limited to a particular type of mental disease or
defect.[1] Id. at ___. Moreover, the fact that the respondent in
Betsworth had previously been committed under chapter 229, the civil
commitment statute for mentally ill persons, did not mean that he could not
simultaneously qualify for commitment under chapter 229A. Id. at ___.
 In Betsworth, we also rejected the suggestion that chapter 229A
requires “that the person committed be amenable to the long-term cognitive
behavioral treatment principally used to treat sex offenders.” Id. at ___.
 We explained that “the State is free to provide individualized treatment
for sexually violent predators,” and therefore, “chapter 229A encompasses
sexually violent predators who . . . will not benefit greatly from
cognitive behavioral therapy and must instead be treated with other
modalities.” Id.
 The same conclusions are warranted here, as we explain.
 A. Mental abnormality. Initially, it is important to recognize that
Darling’s commitment is not based on his mental retardation. The State’s
expert testified at trial that Darling suffered from the mental abnormality
of pedophilia and was at a high risk to reoffend if not confined. Thus,
the basis for his commitment under chapter 229A is his pedophilia, not his
mental retardation. The State’s expert further opined that Darling’s
pedophilia was congenital or acquired and affected the respondent’s ability
to control his sexual impulses. Therefore, Darling’s mental
abnormality—pedophilia—is a proper foundation for his commitment under
chapter 229A. See In re Detention of Palmer, 691 N.W.2d 413, 415 (Iowa
2005) (committing as a sexually violent predator a respondent who suffered
from pedophilia); In re Detention of Cubbage, 671 N.W.2d 442, 443 (Iowa
2003) (same); In re Detention of Garrett, 671 N.W.2d 497, 498 (Iowa 2003)
(same); In re Detention of Ewoldt, 634 N.W.2d 622, 622 (Iowa 2001) (same).
The fact the respondent also suffers from mental retardation does not alter
this conclusion.
 Darling also argues he should be committed under the statute providing
for the civil commitment of mentally retarded persons, Iowa Code chapter
222, rather than under chapter 229A. He asserts the former statute would
allow for the least restrictive means necessary to deal with his mental
retardation, rather than confinement in a secure facility, which is
mandated under chapter 229A. This argument rests on a faulty premise: that
Darling’s confinement is intended to address his condition of mental
retardation. But as we have already pointed out, Darling is being
committed for his pedophilia, not his mental retardation. Therefore,
chapter 229A is the appropriate vehicle. Moreover, as this court has
previously held, chapter 229A’s requirement that a respondent be confined
in a secure facility does not violate the respondent’s right to the least
restrictive placement. See In re Detention of Garren, 620 N.W.2d 275, 285
(Iowa 2000).
 B. Amenability to treatment. In Betsworth, we held the respondent
could properly be committed under chapter 229A notwithstanding the fact
that his organic brain disorder made it unlikely that he would benefit from
traditional sex offender treatment. ___ N.W.2d at ___. Likewise, here,
the fact that Darling’s mental retardation makes it unlikely that he can
effectively participate in cognitive behavioral therapy does not preclude
his commitment under chapter 229A. There was evidence at trial that a
treatment plan for Darling could be tailored to his individual abilities.
Therefore, his cognitive limitations do not disqualify him from being
committed as a sexually violent predator.
 II. Right-to-Treatment Claims.
 Darling claims he has a statutory right to effective treatment and a
constitutional due process right to treatment, and these rights are
violated by his commitment under chapter 229A because he is not amenable to
sex offender therapy. These statutory and constitutional claims are
somewhat overlapping insofar as the sexually violent predator act requires
that the involuntary commitment of persons under chapter 229A must “conform
to constitutional requirements for care and treatment.” Iowa Code §
229A.9. We will discuss the statutory and constitutional claims
separately, however.
 A. Chapter 229A. One goal of chapter 229A is treatment of the
sexually violent predator. See Betsworth, ___ N.W.2d at ___. But like the
respondent in Betsworth, Darling has failed to establish that his chapter
229A right to treatment has been violated. The record shows the State will
individualize a treatment program to compensate for Darling’s limited
cognitive abilities. Chapter 229A does not require that the treatment will
ultimately be successful as a prerequisite for commitment.
 B. Substantive due process. We reach the same conclusion with
respect to the respondent’s substantive due process claim. There is no
constitutional bar to the civil confinement of sexually violent predators
with untreatable conditions when confinement is necessary to protect the
public. Id. at ___; accord Seling v. Young, 531 U.S. 250, 262, 121 S. Ct.
727, 734, 148 L. Ed. 2d 734, 746 (2001). Here, Darling was committed only
after a jury unanimously determined beyond a reasonable doubt he was a
sexually violent predator, a determination that required a finding he was
“likely to engage in predatory acts constituting sexually violent offenses,
if not confined in a secure facility.” Iowa Code § 229A.2(11). Clearly,
his confinement is necessary to protect the public. See generally id. §
229A.1, para. 2 (noting “legitimate public safety concerns” regarding the
commitment of sexually violent predators and “the need to protect the
public”). Consequently, even if Darling’s mental retardation will prevent
effective treatment of his pedophilia, the Constitution does not prohibit
his confinement.
 AFFIRMED.
-----------------------
 [1]The requirement of a “mental abnormality” is found in the
statutory definition of “sexually violent predator.” The latter term is
defined as

 a person who has been convicted of or charged with a sexually violent
 offense and who suffers from a mental abnormality which makes the
 person likely to engage in predatory acts constituting sexually
 violent offenses, if not confined in a secure facility.

Iowa Code § 229A.2(11) (emphasis added). A “mental abnormality” is defined
as “a congenital or acquired condition affecting the emotional or
volitional capacity of a person and predisposing that person to commit
sexually violent offenses to a degree which would constitute a menace to
the health and safety of others.” Id. § 229A.2(5).