In re the DETENTION OF Emery
E. DARLING, Emery E.
Darling, Appellant.

No. 04–1703.

Supreme Court of Iowa.

March 31, 2006.

Mark Smith, First Assistant State Public Defender, and Michael H. Adams, Assistant State Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines and Denise A. Timmons, Assistant Attorneys General, for appellee, State of Iowa.

TERNUS, Justice.

The appellant, Emery Darling, is moderately mentally retarded, has a history of molesting young children, and has been diagnosed with pedophilia. He was committed as a sexually violent predator under Iowa Code chapter 229A (2003) on September 22, 2004. He appeals the judgment of commitment, contending chapter 229A does not apply to a person who is

mentally retarded and not amenable to sex offender treatment. Darling also asserts his confinement violates his statutory and due process rights to treatment.

I. *Application of Chapter 229A.*

Darling argued in the district court and claims on appeal that chapter 229A does not apply to him because he is mentally retarded and is not amenable to cognitive behavioral therapy. We recently rejected similar arguments made by a respondent who suffered from an organic brain disorder that rendered him unlikely to benefit from traditional sex offender treatment. *See In re Matter of Betsworth,* 711 N.W.2d 280 (Iowa 2006). In *Betsworth,* we held the "mental abnormality" required for commitment under chapter 229A is not limited to a particular type of mental disease or defect.[1] *Id.* at 284. Moreover, the fact that the respondent in *Betsworth* had previously been committed under chapter 229, the civil commitment statute for mentally ill persons, did not mean that he could not simultaneously qualify for commitment under chapter 229A. *Id.* at 284.

In *Betsworth,* we also rejected the suggestion that chapter 229A requires "that the person committed be amenable to the long-term cognitive behavioral treatment principally used to treat sex offenders." *Id.* at 285. We explained that "the State is free to provide individualized treatment for sexually violent predators," and therefore, "chapter 229A encompasses sexually violent predators who ... will not benefit

---

**1.** The requirement of a "mental abnormality" is found in the statutory definition of "sexually violent predator." The latter term is defined as

a person who has been convicted of or charged with a sexually violent offense *and who suffers from a mental abnormality* which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

Iowa Code § 229A.2(11) (emphasis added). A "mental abnormality" is defined as "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(5).

greatly from cognitive behavioral therapy and must instead be treated with other modalities." *Id.*

The same conclusions are warranted here, as we explain.

■ A. *Mental abnormality.* Initially, it is important to recognize that Darling's commitment is not based on his mental retardation. The State's expert testified at trial that Darling suffered from the mental abnormality of pedophilia and was at a high risk to reoffend if not confined. Thus, the basis for his commitment under chapter 229A is his pedophilia, not his mental retardation. The State's expert further opined that Darling's pedophilia was congenital or acquired and affected the respondent's ability to control his sexual impulses. Therefore, Darling's mental abnormality—pedophilia—is a proper foundation for his commitment under chapter 229A. *See In re Detention of Palmer,* 691 N.W.2d 413, 415 (Iowa 2005) (committing as a sexually violent predator a respondent who suffered from pedophilia); *In re Detention of Cubbage,* 671 N.W.2d 442, 443 (Iowa 2003) (same); *In re Detention of Garrett,* 671 N.W.2d 497, 498 (Iowa 2003) (same); *In re Detention of Ewoldt,* 634 N.W.2d 622, 622 (Iowa 2001) (same). The fact the respondent also suffers from mental retardation does not alter this conclusion.

Darling also argues he should be committed under the statute providing for the civil commitment of mentally retarded persons, Iowa Code chapter 222, rather than under chapter 229A. He asserts the former statute would allow for the least restrictive means necessary to deal with his mental retardation, rather than confinement in a secure facility, which is mandated under chapter 229A. This argument rests on a faulty premise: that Darling's confinement is intended to address his condition of mental retardation. But as we have al-ready pointed out, Darling is being committed for his pedophilia, not his mental retardation. Therefore, chapter 229A is the appropriate vehicle. Moreover, as this court has previously held, chapter 229A's requirement that a respondent be confined in a secure facility does not violate the respondent's right to the least restrictive placement. *See In re Detention of Garren,* 620 N.W.2d 275, 285 (Iowa 2000).

■ B. *Amenability to treatment.* In *Betsworth,* we held the respondent could properly be committed under chapter 229A notwithstanding the fact that his organic brain disorder made it unlikely that he would benefit from traditional sex offender treatment. 711 N.W.2d at 289. Likewise, here, the fact that Darling's mental retardation makes it unlikely that he can effectively participate in cognitive behavioral therapy does not preclude his commitment under chapter 229A. There was evidence at trial that a treatment plan for Darling could be tailored to his individual abilities. Therefore, his cognitive limitations do not disqualify him from being committed as a sexually violent predator.

II. *Right–to–Treatment Claims.*

Darling claims he has a statutory right to effective treatment and a constitutional due process right to treatment, and these rights are violated by his commitment under chapter 229A because he is not amenable to sex offender therapy. These statutory and constitutional claims are somewhat overlapping insofar as the sexually violent predator act requires that the involuntary commitment of persons under chapter 229A must "conform to constitutional requirements for care and treatment." Iowa Code § 229A.9. We will discuss the statutory and constitutional claims separately, however.

**A.** *Chapter 229A.* One goal of chapter 229A is treatment of the sexually violent predator. *See Betsworth,* 711 N.W.2d at 288. But like the respondent in *Betsworth,* Darling has failed to establish that his chapter 229A right to treatment has been violated. The record shows the State will individualize a treatment program to compensate for Darling's limited cognitive abilities. Chapter 229A does not require that the treatment will ultimately be successful as a prerequisite for commitment.

**B.** *Substantive due process.* We reach the same conclusion with respect to the respondent's substantive due process claim. There is no constitutional bar to the civil confinement of sexually violent predators with untreatable conditions when confinement is necessary to protect the public. *Id.* at 289; *accord Seling v. Young,* 531 U.S. 250, 262, 121 S.Ct. 727, 734, 148 L.Ed.2d 734, 746 (2001). Here, Darling was committed only after a jury unanimously determined beyond a reasonable doubt he was a sexually violent predator, a determination that required a finding he was "likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(11). Clearly, his confinement is necessary to protect the public. *See generally id.* § 229A.1, para. 2 (noting "legitimate public safety concerns" regarding the commitment of sexually violent predators and "the need to protect the public"). Consequently, even if Darling's mental retardation will prevent effective treatment of his pedophilia, the Constitution does not prohibit his confinement.

**AFFIRMED.**