# IN THE COURT OF APPEALS OF IOWA

No. 22-0855
Filed July 26, 2023

IN RE DETENTION OF LARRY NICKLUS DEAN HOWARD, JR.,

**LARRY NICKLUS DEAN HOWARD, JR.,**
        Respondent-Appellant.

_____


        Appeal from the Iowa District Court for Butler County, DeDra L. Schroeder,

Judge.


        Larry Howard appeals his civil commitment as a sexually violent predator.

**AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson and Keisha F. Cretsinger,

Assistant Attorneys General, for appellee State.


        Considered by Bower, C.J., Badding, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**CARR, Senior Judge.**

Larry Howard appeals from his civil commitment as a sexually violent predator under Iowa Code chapter 229A (2022). He argues on appeal that the State did not prove he was a sexually violent predator under the chapter, namely being a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality that makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility. On review, we affirm the district court, finding sufficient evidence to support its findings.

## I.      Background Facts & Proceedings

Howard is a twenty-seven-year-old man with a long history of sexual abuse of minors. From the age of thirteen onwards, he abused strangers and his half-sisters several times, all of whom were substantially younger than him. These incidents led to several rounds of treatment programs and incarceration for Howard, the most recent of which occurred in the past several years.

The State filed a petition in February 2022 for Howard to be civilly committed as a sexually violent predator under Iowa Code chapter 229A. After a preliminary hearing, the district court entered an order finding probable cause existed that Howard was a sexually violent predator. The court also ordered further proceedings on the issue, with Howard to be held and professionally evaluated in order to make further determinations on whether he should remain committed.

Howard was then evaluated by Dr. Rachel Kahn, on behalf of the State, and by Dr. Luis Rosell, on behalf of Howard. The parties submitted reports, and the court heard testimony from both experts at a second hearing in April 2022. The

experts disagreed in their assessments of Howard. Dr. Kahn diagnosed Howard with pedophilic disorder and other specified personality disorder that straddled the line between antisocial and borderline personality disorder, both of which qualified as a mental abnormality. She also opined that these disorders and several other factors, such as risk assessments she took of Howard, showed he was more likely than not to reoffend if released. In contrast, Dr. Rosell did not find any mental abnormalities, opining that Howard only suffered from pedophilic disorder, which did not qualify as an abnormality because it could be controlled. Dr. Rosell also believed that Howard could control his behaviors and it was more likely than not he would not reoffend if released back to the general population.

After a hearing, the district court issued its order finding Howard to be a sexually violent predator and committed him to the custody of the Iowa Department of Human Services[1] for control, care, and treatment. Howard now appeals.

## II.     Standard of Review

We review challenges to the sufficiency of the evidence for corrections of errors at law. *In re Det. of Barnes*, 689 N.W.2d 455, 457 (Iowa 2004). We will uphold the court's decision if substantial evidence exists "upon which a rational trier of fact could find the respondent to be a sexually violent predator beyond a reasonable doubt." *In re Det. of Betsworth*, 711 N.W.2d 280, 286 (Iowa 2006). "To determine whether the evidence was substantial, we consider the entirety of the evidence presented in a light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from

---

[1] The Iowa Department of Human Services is now known as the Iowa Department of Health and Human Services.

the record." *In re Det. of Swanson*, 668 N.W.2d 570, 574 (Iowa 2003) (internal quotations and citations omitted).

### III. Discussion

Iowa Code section 229A.2(13) defines "sexually violent predator" as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Howard concedes he has been convicted of a sexually violent offense, but he contends the State failed to establish that he suffers from a mental abnormality which makes him likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility. *See* Iowa Code § 229A.2.

Howard first argues the State did not sufficiently establish that he suffered from a mental abnormality. He contends that because Dr. Rosell did not diagnose Howard with a mental abnormality and discounted Dr. Kahn's testimony, the district court should have ruled in Howard's favor on this issue.

On review, we find sufficient evidence to show that Howard suffers from a mental abnormality. Under chapter 229A, a "mental abnormality" is defined as a "congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." Iowa Code § 229A.2(6).

On review, we find Dr. Kahn's report and testimony constituted more than enough evidence to fit this definition of a mental abnormality. Dr. Kahn first found

Howard's pedophilic disorder qualified as a mental abnormality, as it affected his emotional and volitional capacity and predisposed him to reoffend. This diagnosis alone was enough to satisfy the qualification of a mental abnormality. *See In re Det. of Darling*, 712 N.W.2d 98, 100 (Iowa 2006) (collecting cases and ruling, "Darling's mental abnormality—pedophilia—is a proper foundation for his commitment under chapter 229A").

In addition, Dr. Kahn diagnosed Howard with other specified personality disorder, which also satisfied this condition of mental abnormality. She testified that this personality disorder caused volitional and emotional impairment, caused serious difficulty controlling his sexual behavior, and was the definition of a mental abnormality. *See also Barnes*, 689 N.W.2d at 459 (finding that antisocial personality disorder could qualify as a mental abnormality under chapter 229A). Dr. Rosell disagreed whether Howard had a mental abnormality, but his different opinion does not compel a finding in Howard's favor. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021) ("[T]he ultimate question is whether [the evidence] supports the finding actually made, not whether the evidence would support a different finding.") (internal quotations and citations omitted); *see also Barnes*, 689 N.W.2d at 461 (giving weight to the district court's judgment on an issue that hinged on two different expert opinions). Dr. Kahn's report and testimony constitute sufficient evidence of a mental abnormality on two different bases.

Second, Howard argues that insufficient evidence existed to show that he was more likely than not to reoffend. He asserts Dr. Rosell's report and testimony demonstrates that he could control himself and would not be likely to reoffend if released. He argues that the testimony and evidence shows that if released, he

could control himself, and his support structure would ensure that he would not be likely to reoffend.

We disagree and affirm the district court on this issue. Within her assessment of Howard, Dr. Kahn identified several risk factors she found made Howard more likely than not to reoffend if released, such as his denial of sexual attraction to children, his lack of candor during his assessment, and his plan to never have sex for the rest of his life. These factors, among others, led Dr. Kahn to rate Howard "well above likely" to reoffend, with a fifty-six percent chance of reoffending over the next twenty years. While Dr. Rosell provided a different opinion disagreeing with Dr. Kahn's assessment, a different opinion does not necessitate a different outcome. *See Jones*, 967 N.W.2d at 339; *Barnes*, 689 N.W.2d at 461. Substantial evidence in the record supports the district court's finding that Howard was more likely than not to reoffend if released.

## IV.     Conclusion

We reject Howard's arguments on appeal and affirm the district court's findings and judgment.

**AFFIRMED.**